## Case No. 15,938.

UNITED STATES v. ONE HUNDRED AND THIRTY BARRELS OF WHISKY.

[1 Bond, 587.] 1

District Court, S. D. Ohio. April Term, 1865.

INTERNAL REVENUE—FORFEITURE—TRIAL BY JURY —PROCEEDING IN REM.

1. In a proceeding in the district court of the United States against property seized as forfeited under the internal revenue laws, to which a claim is interposed, the claimant has a constitutional right to a trial by a jury.

1 [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

2. Congress has no power by legislation to provide for any other mode of trying a case, in which the right of trial by jury is secured by the constitution.

3. The provision of the statute, declaring that "the proceeding to enforce said forfeiture of said property shall be in the nature of a proceeding in rem," is not to be construed as authorizing a trial on strict admiralty rules, and without the intervention of a jury.

Flamen Ball, Dist. Atty., and H. C. Whitman, for the United States.

J. B. Stallo, for claimant.

LEAVITT, District Judge. The motion before the court is for a trial by jury in four distinct informations, prosecuted in behalf of the United States, for the forfeiture of about one hundred and thirty barrels of whisky, alleged to have been manufactured and sold in violation of the internal revenue act of June 30, 1864 [13 Stat. 223]. The whisky was seized in this district, and is now in the custody of the law. Claimants have intervened in each of the four cases, and in the answer and claim of each the reasons and ground of forfeiture alleged in the several informations are denied. The question is, whether these claimants are entitled, in the trial of the issues made, to the intervention of a jury.

It is insisted by the counsel for the United States, that these informations are before this court as cases in admiralty jurisdiction, and must be tried according to the known and settled usages of courts of admiralty, in which the trial by jury is unknown. On the other hand, it is claimed, that as the seizures of the property in question were on the land, they must be tried as cases at law, in which the right of a jury trial is secured by the constitution of the United States. The seventh amendment to the constitution declares that "in suits at common law, where the value in controversy shall exceed twenty dollars. the right of trial by jury shall be preserved." And it is too clear to admit of doubt, that if these are cases at common law, they are within this clause of the constitution, and the parties are entitled to a trial by jury. It is equally clear that congress has no power under the constitution to deprive a suitor of this right, by declaring that a case not properly within the jurisdiction of the admiralty, shall be treated and dealt with according to the known principles of courts of admiralty. In defining the judicial power of the national government, the constitution declares (article 3, § 7), among other things, that it shall extend "to all cases of admiralty and maritime jurisdiction." The congress of the United States, in giving effect to this constitutional provision, have enacted that the district courts shall have exclusive original cognizance of all civil causes of admiralty and maritime jurisdiction, including all seizures made under the laws of import, trade, or navigation, on waters navigable from the

sea by vessels of ten or more tons burden. These courts are also vested with exclusive original *cognizance* of all seizures on land, or other waters than as aforesaid. Section 9, Act Sept. 24, 1789 (1 Stat. 73). The same section reserves to suitors the right of a common law remedy, where the common law is competent to give it; and also provides "that the trial of issues of fact in the district courts in all causes, except civil causes of admiralty and maritime jurisdiction, shall be by jury."

It is obvious that in this legislation congress had in view the distinction between cases of proper admiralty jurisdiction and cases of seizure on land, or on water-courses, not properly within the scope of that jurisdiction. And in the latter class of cases, jurisdiction is vested in the district courts, not because they are courts of admiralty, but because they are courts created under the constitution. But in confining this jurisdiction, the statute is careful to reserve to suitors the right of trial by jury, in all cases of seizures which are not of admiralty cognizance. Now the cases before the court arise under section 68 of the act of June 30, 1864, which imposes the penalty of a forfeiture for any refusal or neglect to comply with the law regulating the duties payable by the distiller of spirits. By such neglect or refusal, not only the vessels and machinery used in distillation, but the liquor manufactured, are subject to forfeiture. And at the close of the section it is provided, that "the proceedings to enforce said forfeiture of said property shall be in the nature of a proceeding in rem, in the circuit or district courts of the United States for the district where such seizure is made, or in any court of competent jurisdiction."

It is so clear as scarcely to need a word of argument, that congress have not conferred, and did not intend to confer, on the courts named, admiralty jurisdiction in the sense of requiring that cases arising under section 68 should be tried as cases of strict admiralty jurisdiction. It would be an impeachment of the intelligence of that body to suppose they intended a seizure on land should be considered as one within the scope of such jurisdiction. In declaring that the proceedings should be in the nature of a proceeding in rem, nothing more was intended than to provide for a summary and effective mode of enforcing the act of congress. The thing—the property subject to forfeiture is to be seized and held in possession subject to the action of the court. And this for the obvious reason, that a proceeding against the person merely would not give an available remedy for a fraudulent attempt to evade the law. It is true the right to a forfeiture of the property in question is set forth in the form of a libel, a term used as appropriate to proceedings in admiralty. But this can not change the character of the suit, nor bring the subject of it within the

range of the admiralty jurisdiction of this court. It might as well have been presented by a petition or declaration, or any other convenient mode. The sole question is, are the facts such as to show that the party proceeded against has a right to a trial by jury. And on this subject, the case of Parsons v. Bedford, 3 Pet. [28 U. S.] 433, is an authority in point. The opinion of the supreme court of the United States in that case was prepared by the learned Judge Story, in which he holds: "That the amendment to the constitution of the United States, by which the trial by jury was secured, may, in a just sense, be well construed to embrace all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form they may assume to settle legal rights." To the same effect is the decision of the supreme court in the case of The Sarah, 8 Wheat. [21 U. S.] 391. It was a case prosecuted for a forfeiture under the revenue laws of the United States then in force. Although the property seized was a ship, it appears the seizure was made on land. And the court say: "In cases of seizure on land under the revenue laws, the district court proceeds as a court of common law, according to the course of exchequer informations in rem; and the trial of issues of fact is to be by jury." [U. S. v. Four Hundred and Twenty-two Casks of Wine] 1 Pet. [26 U. S.] 547.

The motion for a jury is granted.